No. 47,870

Carroll R. Olson, *Appellant,* v. The City of WaKeeney, Kansas, *Appellee.*

(543 P. 2d 932)

Opinion filed December 13, 1975.

*Robert L. Earnest,* of Russell, argued the cause and was on the brief for the appellant.

*Ernest J. Deines,* of WaKeeney, argued the cause and was on the brief for the appellee.

*Per Curiam:* The appellant, joined by other property owners, petitioned the City of WaKeeney to have residential property, including that of the appellant, rezoned from residential to industrial use. Upon reference of the petition to the city planning commission a hearing was held and the commission unanimously recommended the change.

The proceedings were under the provisions of K. S. A. 1974 Supp. 12-708. In that section it is provided that if the owners of twenty percent or more of the property within two hundred feet of the property proposed to be rezoned file a protest, the governing body, upon considering the report of the planning commission, may not pass an ordinance amending the zoning "except by at least three-fourths (¾) vote of all of the members of the council or board of commissioners."

The necessary number of protests were lodged with the city council and when the council met to consider the petition and the report of the planning commission, only four of the five members and the mayor were present. When a vote was taken, two members voted for the change and two against. The mayor did not vote. It would take the affirmative vote of four out of five members, with the mayor not voting, or five out of six, if he voted, to meet the requirement of three-fourths, so the recommendation of the planning commission for the amendment was not sustained.

The record of the council meeting is significant. It recites that the mayor called upon the attorney "for legal procedure under the situation of a non-decisive vote." Then it recites that the attorney, Ernest Deines, "read the law and stated that a three-fourths vote

of all council members was necessary as a sufficient protest petition was in evidence, therefor it was *impossible to settle the matter at this time at this meeting due to the tie vote.*" (Emphasis supplied.) Thereupon the mayor announced that since a satisfactory majority had not been reached, he would entertain a motion to adjourn, and the meeting adjourned without further action.

From the foregoing it will be seen that the city council actually took no affirmative action either granting or denying the petition for rezoning. But it was upon this record that the appellant filed his petition with the district court challenging the "action" by the governing body as arbitrary and unreasonable. (See K. S. A. 12-712.) While it has been held by this court that "action" by the governing body, denying a request for rezoning, is a "regulation" as contemplated by the statute, from which an appeal to the district court may be taken by petition, (*Bodine v. City of Overland Park,* 198 Kan. 371, 424 P. 2d 513) it hardly follows that the statute contemplates an appeal from such an indecisive result as is reflected here by the record. In the *Bodine* case the city governing body decisively rejected the pending rezoning application.

In the instant case, the minutes of the city council meeting reflect that the council was at a loss as to how to proceed upon arriving at their two to two tie vote, which the mayor characterized as a "non-decisive vote." The record is not clear whether the council considered the tie vote as final and a rejection of the recommendation of the planning commission, or whether the matter was to be returned to the planning commission for reconsideration under K. S. A. 1974 Supp. 12-708. The mayor merely adjourned the meeting.

We are not informed whether the matter was resubmitted to the planning commission. It appears that appellant is the only one who is still pressing his petition for rezoning. We do not speculate whether this change in circumstances is a matter for consideration by the planning commission upon remand as contemplated by 12-708.

We further note that the district court, on the one hand, found the city council "had reasonable grounds for their decision", but, at the same time, also found that the recommendation of the planning commission may also have been reasonable.

In view of the indecisive state of the proceedings, as reflected in the record before us, we have concluded that the case was not in

a posture subject to judicial review when presented to the district court. Therefore, the judgment of the district court is reversed and the cause remanded with directions that it be dismissed.